**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

BETTY KING,

      Plaintiff,

vs.                                   CASE NO.  3:06-cv-808-J-TEM

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.

_____

## ORDER AND OPINION

This matter is before the Court on Plaintiff's Complaint (Doc. #1), seeking review of the final decision of the Commissioner of Social Security of the Social Security Administration (the Commissioner) denying her claim for disability insurance benefits (DIB). Both parties have consented to the exercise of jurisdiction by a magistrate judge, and the case has been referred to the undersigned by an Order of Reference dated June 4, 2007 (Doc. #19).  The Commissioner has filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number).  For the reasons set out herein, the decision is **REVERSED and this case is remanded for additional proceedings**.

## PROCEDURAL HISTORY

In the instant action, Plaintiff filed an application for a period of disability and disability insurance benefits on April 23, 2003 (Tr. 48-50).  Plaintiff alleged a disability onset date of November 1, 1999 (Tr. 48).  However, the Social Security Administration determined Plaintiff had filed a previous application for disability benefits that was not

pursued beyond the denial at the reconsideration level on September 7, 2000 (Tr. 53). Absent a showing of good cause, which was not presented in this case, *res judicata* applies to any claim for disability benefits prior to September 7, 2000 (Tr. 16).  *See* 20 C.F.R. § 404.988 (2007);[1] *Tobak v. Apfel*, 915 F.3d 183 (3rd Cir. 1999); *Peacock v. Heckler*, 578 F.Supp. 192 (N.D. Ga. 1984).  Plaintiff has not challenged the application of *res judicata* to the alleged onset date of disability.

After being denied initially and upon reconsideration of the April 23, 2003 application, Plaintiff requested a hearing, which was held on March 20, 2005 in Jacksonville, Florida before Administrative Law Judge (ALJ) Peter C. Edison (Tr. 282-96).  Plaintiff appeared and testified at the hearing.  No vocational expert was present for the administrative hearing.  Plaintiff was represented by her current counsel of record, Ms. Jessica Dumas, Esq., during the underlying administrative phase of this case.  On August 15, 2005, ALJ Edison issued a hearing decision denying Plaintiff's claim (Tr. 12-25).  The Appeals Council (AC) denied Plaintiff's request for review, making the hearing decision the final decision of the Commissioner (Tr. 4-6).

The instant action was filed in federal court on September 11, 2006 (Doc. #1, Complaint).  The Court has reviewed and given due consideration to the record in its entirety, including the parties' arguments presented in their briefs (Doc. #14, Plaintiff's brief and Doc. #17, Defendant's brief)[2] and the materials provided in the transcript of the underlying proceedings.  Upon review of the record, the Court found the issues raised by

---

[1]Unless otherwise specified, all references to 20 C.F.R. will be to the 2007 edition.

[2]Hereafter, the Court will identify Plaintiff's brief as "P's brief" and Defendant's brief as "D's brief."

Plaintiff were fully briefed and concluded oral argument would not benefit the Court in its making its determinations.  Accordingly, the matter has been decided on the written record.

## SOCIAL SECURITY ACT ELIGIBILITY
## AND THE STANDARD OF REVIEW

Plaintiff is entitled to disability benefits when she is unable to engage in substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to either result in death or last for a continuous period of not less that 12 months.  20 C.F.R. § 404.1505.  The Commissioner has established a five-step sequential evaluation process for determining whether a plaintiff is disabled and therefore entitled to benefits.  *See* 20 C.F.R. § 404.1520; *Crayton v. Callahan*, 120 F.3d 1217, 1219 (11th Cir. 1997).  The plaintiff bears the burden of persuasion through Step 4, while at Step 5, the burden shifts to the Commissioner.  *Bowen v. Yuckert*, 482 U.S. 127, 146 n.5 (1987).

The scope of this Court's review is generally limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971).  The Commissioner's findings of facts are conclusive if supported by substantial evidence.  42 U.S.C. § 405(g) (2006).  Substantial evidence is more than a scintilla - i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion.  *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982).

Where the Commissioner's decision is supported by substantial evidence, the Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and

even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The Commissioner must apply the correct law and demonstrate that he has done so. While the Court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Serv.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the Court has not re-weighed the evidence, but has determined whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the Plaintiff is not disabled. *Bloodsworth v. Heckler*, 703 F.2d 1233 (11th Cir. 1983).

## ANALYSIS

Plaintiff is a forty-eight year old female with a high school education plus one and one-half years of college (Tr. 48, 284-85).[3]  Plaintiff has past relevant work as a housekeeper in a nursing home and as a bartender (Tr. 68, 285). Plaintiff claims she is unable to work because of the pain in her lower back, left leg and left knee, and because she falls often due to her knee slipping and giving out on her (Tr. 59, 66, 286-92). The ALJ found Plaintiff's severe impairments were her "minimal spondylitic disease with L5-S1 disc

---

[3]The record reflects Plaintiff was born January 26, 1960 (Tr. 48).

protrusion, but no extrusion, status-post left knee arthroscopy with debridement with thermal chondroplasty of the lateral tibial plateau, arthritis, hyptertension, and obesity" (Tr. 18).

Plaintiff raises two issues on appeal.  First, Plaintiff claims the ALJ failed to give proper credit to the opinions of Plaintiff's treating physician (P's Brief at 11-12).  Second, Plaintiff alleges the ALJ failed to properly evaluate Plaintiff's credibility and properly apply the Eleventh Circuit pain standard (P's Brief at 12-14).  Defendant argues the ALJ's decision is supported by substantial evidence and decided by proper legal standards (D's Brief at 4-11).

The Court finds Plaintiff's argument as to her second issue is persuasive and, thus, this case must be remanded to the Commissioner for additional proceedings.  As will be discussed *infra*, on remand the ALJ must re-evaluate the Plaintiff's credibility and Plaintiff's residual functional capacity in light of this ruling.  The Court will, however, briefly address the ALJ's consideration of Plaintiff's treating physician statements.

**<u>Plaintiff's Credibility</u>**

Plaintiff contends that the ALJ failed to properly evaluate her testimony. In essence, Plaintiff argues that the ALJ improperly discredited Plaintiff's subjective allegations of disabling pain by failing to articulate explicit and adequate reasons for doing so, supported by substantial evidence (*see* P's Brief, in general).  In this instance, the Court agrees.

In determining whether or not a claimant is disabled, the ALJ must consider all of a claimant's symptoms, and "the extent to which those symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. 404.1529.  When a claimant attempts to establish disability through her own testimony of

subjective pain symptoms, the ALJ must apply the Eleventh Circuit's three-part pain standard:

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote v. Chater*, 67 F.3d at 1560 *(quoting Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991) (emphasis added)).

Once both prongs of the pain standard are satisfied, "*all* evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms *must* be considered in addition to the medical signs and laboratory findings in deciding the issue of disability." *Foote*, 67 F.3d at 1561 (emphasis added) (citing 20 C.F.R. § 404.1529). Thus, at this stage the ALJ must consider a claimant's subjective testimony of pain. *Id.* at 1560. Furthermore, "[o]bjective medical evidence of pain or other symptoms established by medically acceptable clinical or laboratory techniques... must be considered in reaching a conclusion as to whether the individual is under a disability. 42 U.S.C.A. § 423(d)(5)(A). Moreover, pain testimony is credible when evidence indicates that the claimant's condition could reasonably be expected to cause pain; claimant consistently complained of pain; and claimant's daily activities have been significantly affected by pain. *Foote*, 67 F.3d at 1560 (citations omitted). Thus, a determination as to pain can only be reached by looking at the entire record, including both objective and subjective evidence.

Social Security Ruling (SSR) 96-7p is instructive on the issue:

> Assessment of the credibility of an individual's statements about pain or other symptoms and about the effect the symptoms have on his or her

6

ability to function *must* be based on a consideration of *all* of the evidence in the case record. *This includes,* but is not limited to:

* The medical signs and laboratory findings;

* Diagnosis, prognosis, and other medical opinions provided by treating or examining physicians or psychologists and other medical sources; and

* Statements and reports from the individual and from treating or examining physicians or psychologists and other persons about the individual's medical history, treatment and response, prior work record and efforts to work, daily activities, and other information concerning the individual's symptoms and how the symptoms affect the individual's ability to work.

The adjudicator must also consider any observations about the individual recorded by Social Security Administration (SSA) employees during interviews, whether in person or by telephone. In instances where the individual attends an administrative proceeding conducted by the adjudicator, the adjudicator may also consider his or her own recorded observations of the individual as part of the overall evaluation of the credibility of the individual's statements.

Consideration of the individual's statements and the statements and reports of medical sources and other persons with regard to the seven factors listed in the regulations, along with any other relevant information in the case record, including the information described above, will provide the adjudicator with an overview of the individual's subjective complaints. The adjudicator *must then evaluate all of this information and draw appropriate inferences and conclusions about the credibility of the individual's statements.*

SSR 96-7P, 1996 WL 374186 (S.S.A.) (Jul. 2, 1996) (emphasis added).

If an ALJ decides not to credit a claimant's subjective testimony of pain, he must articulate explicit and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Foote,* 67 F.3d at 1561-62 (citing *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988)). The articulated reasons must be based on substantial evidence. *Jones v. Dep't of Health & Human Serv.*, 941 F.2d 1529, 1532 (11th Cir. 1991). When making a credibility determination, the decision maker's opinion must indicate an

appropriate consideration of the evidence. *Tieniber v. Heckler*, 720 F.2d 1251, 1255 (11th Cir. 1983) (internal citation omitted).

A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record. *Foote,* 67 F.3d at 1561-62; *see also* 42 U.S.C. § 405(g) (the findings of the Commissioner as to any fact are conclusive if supported by substantial evidence). Despite this deferential standard, it is essential that the reviewing court scrutinize the record in its entirety to determine the *reasonableness* of the decision reached by the ALJ. *Bridges v. Bowen*, 815 F.2d 622, 624-25 (11th Cir. 1987) (emphasis added) (internal citation omitted). A reviewing court must be able to determine from the ALJ's opinion whether the ALJ applied the statutory requirements and the regulations as construed by this circuit; otherwise, the reviewing court cannot effectively perform its duty. *Jamison v. Bowen*, 814 F.2d 585, 588-89 (11th Cir. 1987). The function of the reviewing court is to "'ensure that the decision [of the ALJ] was...carefully considered in light of *all the relevant facts*.'" *Id.* at 590 (emphasis added) (citation omitted).

Several cases in the Eleventh Circuit have dealt with the issue of the sufficiency of the ALJ's articulated grounds for determining the extent to which pain is disabling. Generally, in cases where the ALJ's (and/or Commissioner's) analysis is held sufficient in discrediting subjective pain complaints, the decision sets forth specifically how the claimants' allegations are contradicted or uncorroborated by medical evidence. *See, e.g. Jones v. Bowen*, 810 F.2d 1001, 1004 (11th Cir. 1986) (specific reasons set forth by Appeals Council cured the deficiency of ALJ's statement); *Dyer v. Barnhart*, 395 F.3d 1206, 1209 (11th Cir. 2005); *Wilson v. Barnhart*, 284 F.3d 1219, 1226 (11th Cir. 2002); *Allen v. Sullivan*, 880 F.2d 1200, 1203 (11th Cir. 1989). In *Allen*, the court found that where the

ALJ articulated three specific reasons for rejecting claimant's subjective complaints of pain, the claimant's testimony was sufficiently discredited. *Id*. at 1203.  Importantly, the reasons provided by the ALJ in *Allen* included specific references to objective evidence, including medical evidence, which did not support the claimant's allegations.  *Id*.

More than a general statement referring to the overall corroborative value of the medical evidence is required.  In *Foote*, the court remanded the case and criticized  the ALJ for "fail[ing] to identify any inconsistencies between [the plaintiff's] statements to her physicians and those she ha[d] made to the Secretary, through her application for disability benefits and during her administrative hearing."  *Foote*, 67 F.3d at 1562 (finding insufficient the ALJ's statement that "the medical evidence establishes that while the claimant has an impairment which could be expected to produce some discomfort...such condition is not one that would preclude engagement in all work activity").  The court emphasized that explicit credibility findings are crucial where subjective pain is an issue.  *Id*. (internal citations omitted).

In the instant case, the ALJ does not articulate the pain standard used in the Eleventh Circuit under *Holt,* 921 F.2d. at 1223; however, he does cite to the requirements of 20 C.F.R. Section 404.1529, which contains similar language on subjective pain testimony (*see* Tr. 19).  A failure to cite or use the language of prevailing case law is not cause for reversal if it is clear from the opinion that the standard was used.  *Wilson*, 284 F.3d at 1225.   In this case, however, the record reveals hospital emergency room visits and doctor office visits with complaints of severe back, leg and/or knee pain (Tr. 99-124, 136-45, 156-78, 194-201, 207-27, 234-53, etc.).  The torn miniscus in Plaintiff's knee and back injuries incurred might give rise to the pain and symptoms alleged.  However, the ALJ

failed to apply the Eleventh Circuit pain standard to the facts of Plaintiff's case.  The Court is left to guess whether the ALJ determined Plaintiff did or did not have an underlying medical condition that satisfied even the first prong of the pain analysis test.

What is clear in the ALJ's decision is that he attempted to discredit Plaintiff's pain testimony, but his findings are insufficient under *Allen* and *Jones*.  Here, the ALJ determined that Plaintiff's "complaints or pain were disproportionate to the objective findings" and her "pain allegations" were not credible "beyond limiting the claimant as stated in the residual functional capacity assessment" (Tr. 21).  Following the direction provided in *Foote, supra*, the Court notes such general statements are unacceptable to discredit Plaintiff's pain testimony.

In making his findings to discredit Plaintiff, the ALJ went on to state that "although the claimant has a bad back, she rejected surgery" (Tr. 21).  He found the Plaintiff's testimony stating her pain is a "9" on a 10 point scale was not credible (Tr. 21).  More specifically, the ALJ stated that if her pain had been "that bad since the date of her injury five years ago, then she would have had something done" (Tr. 21).  He further found that although Plaintiff had limited her activities, "the record does not establish that she has been restricted to doing nothing but 10 minutes of mopping or cooking with help" (Tr. 21).  The ALJ additionally found that the record indicated the Plaintiff was "obese, which undoubtedly [had] some effect on her comfort level, back pain, and ability to stand and walk" (Tr. 21).  The ALJ thus asserted he was "not convinced the Plaintiff's discomfort was as severe as alleged if she were not willing to put forth some effort to alleviate her symptoms in an area in which she could effect a change." (Tr. 21.)

It is true Plaintiff's testimony and the written evidence of record verifies Plaintiff has

declined to have fusion surgery on her back, as was discussed with her by treating physician Dr. Gregory Keller in October 2001 and January 2002 after the IDET[4] surgical procedure in August 2001 did not produce any relief from the back pain (*see* Tr. 100-108).[5] However, failure to follow prescribed treatment is relevant to disability determinations only to the extent the treatment would restore the claimant's ability to work.  20 C.F.R. § 404.1530(a); *Dawkins v. Bowen*, 848 F.2d 1211, 1213 (11th Cir. 1988).   There is no indication in the record the fusion surgical procedure would restore the ability to work. Plaintiff testified she was afraid to have the fusion surgery (Tr. 287) and she reported to consulting physician Dr. Badri Mehrotra that she refused surgical treatment because she was not given a full guarantee of recovery (Tr. 125).   Plaintiff did follow other treatment recommendations concerning her back problems, including the IDET procedure (*e.g.*, Tr. 99-124).   Plaintiff also proceeded with knee surgery in August 13, 2004 in an effort to alleviate knee pain (Tr.  222-23) and underwent physical rehabilitative therapy from July 2004 through September 2004 (Tr. 180-192).   Thus, the ALJ's finding Plaintiff's failure to follow prescribed treatment is not supported by substantial evidence.

The ALJ found the intensity of Plaintiff's asserted pain was not credible and if the pain had in fact been "that bad" the Plaintiff would have "had something done" (Tr. 21). The record reveals, however, Plaintiff did have something done.   In addition to the procedures noted above, Plaintiff continued to pursue treatment for pain relief and her other impairments from other physicians (*e.g.* Tr. 136-145, treatment records from Dr. V. Manikal;

[4]IDET is the abbreviation for intradiscal electrothermal therapy, which is described as a surgical procedure in the treatment notes (Tr. 106).

[5]Treatment notes from April 3, 2001 indicate Dr. Keller initially recommended the IDET over fusion surgery for Plaintiff's condition (Tr. 108).

Tr. 156-78, testing results and emergency room records from Flagler Hospital; Tr. 195-201 treatment records from Dr. Jyoti Patel, The Physicians Pain Center). Plaintiff's complaints of pain remain consistent throughout the record.

Pain testimony is credible when evidence indicates the plaintiff's condition could reasonably be expected to cause pain; the plaintiff consistently complained of pain; and plaintiff's daily activities had been significantly affected by pain. *Foote v. Chater*, 67 F.3d at 1560 (citing *Mason v. Bowen*, 791 F.2d 1460, 1462 (11th Cir. 1986); *Landry v. Heckler*, 782 F.2d 1551, 1553 (11th Cir. 1986)).

The ALJ correctly noted that Plaintiff had limited her activities of daily living to a significant degree (Tr. 21). The ALJ finds the record does not establish that Plaintiff has been restricted to doing nothing more than ten minutes of mopping or cooking with help (Tr. 21). However, there is no evidence in the current record that indicates Plaintiff engages in activities beyond those to which she testified, and the ALJ does not point to any evidence in the record that would establish Plaintiff has no such restriction of activities.

The ALJ's finding concerning Plaintiff's obesity and its impact on her limitations is troubling to the Court. The ALJ found Plaintiff's obese condition was a severe impairment (Tr. 18). The ALJ further found the obesity was undoubtedly contributing to Plaintiff's pain and discomfort, and which the ALJ intimates Plaintiff could alleviate if she would just lose the excess weight, over which the ALJ states Plaintiff has control (Tr. 21). In this regard, the ALJ impermissibly stated a medical opinion of his own making. The Court's independent review of the record found a nominal number of references to Plaintiff's obesity and dietary recommendations in the medical evidence (e.g. Tr. 137, 140-42, 144), but there was no reference linking Plaintiff's obesity to persistent pain she claimed. The

Court did not find any prescriptions or doctor's orders for Plaintiff to lose weight.

In *Jones v. Barnhart*, 318 F.Supp.2d 1102, 1106, n.7 (N.D. Ala. 2004), the court noted it is not the province of the ALJ to substitute his "medical opinion" for the medical opinion of the treating physician.  The Eleventh Circuit has adopted this same stance.  As noted by the *Jones* court, Senior Circuit Judge Johnson stated the position of the circuit most eloquently in his concurring opinion in *Marbury v. Sullivan*, 957 F.2d 837 (11th Cir. 1992).  Judge Johnson found,

> An ALJ sitting as a hearing officer abuses his discretion when he substitutes his own uninformed medical evaluations for those of a claimant's treating physicians: "Absent a good showing of cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Secretary." *Lamb v. Bowen*, 847 F.2d 698, 703 (11th Cir.1988).  *See also MacGregor v. Bowen*, 786 F.2d 1050, 1053-54 (11th Cir.1986); *Broughton v. Heckler*, 776 F.2d 960, 961-62 (11th Cir.1985).  . . . [A]s a hearing officer [an ALJ] may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional. . . .

*Marbury*, 957 F.2d at 840-41.  Here, ALJ Edison made an impermissible medical determination.

In *Foote*, 67 F.3d at 1557, the court held as insufficient the ALJ's statement that the claimant's "complaints of pain and other limitations were not fully credible in light of the medical evidence and her evidenced residual functional capacity."  The court remanded the case for an explicit credibility finding.  *Id.* at 1562; *see also Cannon*, 858 F.2d at 1545; *Smallwood v. Schweiker*, 681 F. 2d 1349, 1352 (11th Cir. 1982).  In this case, the ALJ indicated he had reviewed the record, but he did not specifically articulate sufficient reasons for discrediting Plaintiff's pain testimony that would support his conclusion that Plaintiff is not disabled.  He did not supply an explanation of how the allegations are inconsistent with the objective evidence, as required by SSR 96-7p.

The Court acknowledges there is information in the record that could support the ALJ's decision.  For example, at one point, Dr. Keller noted Plaintiff did "demonstrate symptom magnification and some inconsistencies" (Tr. 102).  Dr. Keller also released Plaintiff to modified sedentary work on February 12, 2002 (Tr. 100).  The laboratory tests and findings do not demonstrate severe anatomical deformities (*e.g.* Tr. 111, 161, 143). Those matters were not cited, however, in the instant ALJ decision, and since the only articulated reasons were not sufficient, the Court cannot determine if the ALJ was also relying on this information.  Even if the record contains substantial evidence favorable to the Commissioner, that "may not insulate the ALJ's determination from remand when he or she does not provide a sufficient rationale to link such evidence to the legal conclusions reached."  *Russ v. Barnhart*, 363 F.Supp. 2d 1345, 1347 (M.D. Fla. 2005).

## ALJ's Use of the Grids vs. Vocational Expert

The ALJ's failure to utilize the services of a vocational expert is problematic in this case because the ALJ failed to adequately discredit Plaintiff's complaints of disabling pain and Plaintiff's treating physicians assessed restrictions on Plaintiff's ability to work that would result in a residual functional capacity for less than a full range of sedentary work. Notwithstanding the ALJ's efforts to discount the opinions of Plaintiff's treating physicians, Plaintiff was found to have severe nonexertional impairments.  Specifically, the ALJ found Plaintiff to have the severe impairments of minimal spondylitic disease with L5-S1 disc protrusion, but no extrusion, status-post left knee arthroscopy with debridement with thermal chondroplasty of the lateral tibial plateau, arthritis, hyptertension, and obesity" (Tr. 18).

Generally speaking the Commissioner defines nonexertional limitations as those

14

limitations that do not limit exertion per se, but nevertheless result in job related limitations. Social Security Ruling 96-9p states that a nonexertional limitation is an impairment caused limitation affecting such capacities as mental abilities, vision, hearing, speech, climbing, balancing, stooping, kneeling, crouching, crawling, reaching, handling, fingering, and feeling.   SSR 96-9p, 1996 WL 374185 at *5 (S.S.A. 1996).   "In the disability programs, a nonexertional impairment is one which is medically determinable and causes a nonexertional limitation of function or an environmental restriction.   Nonexertional impairments may or may not significantly narrow the range of work a person can do."   SSR 83-14, 1983 WL 31254 at *1 (S.S.A. 1983) (emphasis added).   In this circuit, pain is definitely considered a non-exertional impairment.   *Foote v. Chater*, 67 F.3d at 1559.

Eleventh Circuit case law strongly suggests a preference for use of a vocational expert where nonexertional impairments limit a claimant's ability to work.   In *Jones v. Apfel*, 190 F.3d 1224, 1229 (11th Cir. 1999), the court found exclusive reliance on the grids is not appropriate where the claimant has nonexertional impairments that significantly limit basic work skills.   In *Walker v. Bowen*, the court held that exclusive reliance is not appropriate "either when a claimant is unable to perform a full range of work at a given residual functional level or when a claimant has a nonexertional impairment that significantly limits basic work skills.   *Walker v. Bowen*, 826 F.2d 996, 1002-03 (11th Cir. 1987).   Where non-exertional limitations exist, the preferred method of demonstrating a claimant can perform specific work is through the testimony of an a vocational expert.   *MacGregor v. Bowen*, 786 F.2d 1050, 1054 (11th Cir. 1986).   When nonexertional impairments are present that would not allow for the performance of a full range of work, exclusive reliance upon the "grids" is inappropriate and vocational expert testimony is required to determine whether the

claimant's limitations are severe enough to preclude the performance of a wide range of work. *Foote v. Chater*, 67 F.3d at 1559.  As stated in *Williams v. Halter*, 135 F.Supp.2d 1225 (M.D. Fla. 2001), "[i]t is only when the claimant can clearly do unlimited types of work at a given residual functional level that it is unnecessary to call a vocational expert to establish whether the claimant can perform work which exists in the national economy." *Id.* at 1235 (internal citations omitted).

In this case, it is not clear Plaintiff can do unlimited types of sedentary work.  Without the benefit of vocational testimony, the ALJ's conclusion that  Plaintiff's "capacity for sedentary work is substantially intact and has not been compromised by any nonexertional limitations" is not supported by substantial evidence.  *See Allen v. Sullivan,* 880 F.2d at 1202 (absent VE testimony, the ALJ's conclusion that the plaintiff's mental limitations did not significantly compromise her basic work skills is not supported by substantial evidence).  On the facts of the instant action, the ALJ's reliance on the GRIDS to direct a determination of non-disability, without any reference to other vocational resources, was improper.  Under both Eleventh Circuit precedent, as stated above, and the Commissioner's program policy statement for evaluating a combination of exertional and nonexertional impairments (SSR 83-14), vocational expert testimony should have been obtained.

**Treating Physician Opinions**

The case law and the Regulations require the ALJ to give substantial weight to the opinion, diagnosis and medical evidence of a treating physician, including a treating psychiatrist, unless there is good cause to do otherwise. *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997); *Edwards v. Sullivan*, 937 F.2d 580,583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d).  If a treating physician's opinion on the nature and severity of a claimant's

16

impairments is well-supported by medically acceptable clinical and laboratory diagnostic techniques, and is not inconsistent with the other substantial evidence in the record, the ALJ must give it controlling weight.  20 C.F.R. § 404.1527(d)(2).

Here, the ALJ discounted the opinions of Dr. Jyoti Patel and Dr. Vivek Manikal, both of whom were treating physicians (*see* Tr. 20-22).  Plaintiff asserts that the record is "full of medically acceptable abnormal findings" that support Plaintiff's complaints of pain and the opinions of Drs. Patel and Manikal (P's Brief at 11-12).  Defendant asserts the findings of Drs. Manikal and Patel were not corroborated by the objective clinical test results (D's Brief at 7) and were properly discounted.  Plaintiff's argument suggests the Court reweigh the medical evidence, which of course the Court can not do.

However, as the Court's findings discussed *supra* indicate, this case must be remanded to the Commissioner for additional proceedings irrespective of the ALJ's treatment of the treating physicians' opinions.  Thus, the Court strongly suggests the ALJ weigh the medical evidence of record and give due consideration to the stated opinions of all of Plaintiff's examining and treating medical sources, as well as the opinions of non-examining medical sources, as required by the law of this circuit.  *See Lewis v. Callahan,* 125 F.3d at 1436*; Sharfarz v. Bowen*, 825 F.2d 278, 279-80 (11th Cir. 1987).  On the facts of this case, the Court finds sound reason to strictly follow the mandate of *Sharfarz* and directs the ALJ to "state with particularity the weight given to each of the medical opinions." *See Sharfarz v. Bowen*, 825 F.2d at 279; *accord Vuxta v. Commissioner of Social Security*, 194 Fed. Appx. 874 (11th Cir. 2006).[6]  If the ALJ finds reason to disregard the opinion of a

---

[6]In accordance with Rule 36-2, United States Court of Appeals for the Eleventh Circuit, this case is cited for its persuasive authority.

treating or examining physician he must provide specific reasons for doing so and those reasons must be supported by substantial evidence in the record.

## CONCLUSION

For the foregoing reasons, the decision of the Commissioner is not supported by substantial evidence or decided according to proper legal standards.  Accordingly, the Commissioner's decision is hereby **REVERSED and REMANDED**.

Plaintiff is cautioned, however, that this opinion does not suggest Plaintiff is entitled to disability benefits.  Rather, it speaks only to the process the ALJ must engage in and the findings and analysis the ALJ must make before determining whether Plaintiff is disabled within the meaning of the Social Security Act. *Phillips v. Barnhart*, 357 F.3d 1232, 1244 (11th Cir. 2004).

Upon remand, the Commissioner shall reevaluate Plaintiff in accordance with the applicable Regulations and prevailing case law.  It is the view of this Court that additional proceedings should be conducted in light of this Order and Opinion, which should include but are not limited to obtaining vocational expert testimony.

## DIRECTIONS AS TO JUDGMENT

The Clerk of Court is directed to enter judgment consistent with this Opinion and, thereafter, to close the file.  The judgment shall state that if Plaintiff were to ultimately prevail in this case upon remand to the Social Security Administration, any motion for attorney fees under 42 U.S.C. § 406(b) must be filled within fourteen (14) days of the Commissioner's final decision to award benefits. *See* Fed. R. Civ. P. 54(d)(2)(B); M.D. Fla. Loc. R. 4.18(a); *Bergen v. Commissioner of Social Security*, 454 F.3d 1273, 1278 (11th Cir. 2006).

**DONE AND ORDERED** at Jacksonville, Florida this 13<u>th</u>   day of March, 2008.


*Thomas E. Morris*
_____
**THOMAS E. MORRIS**
United States Magistrate Judge

Copies to all counsel of record